# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff(s),<br>v.<br>CHRISTOPHER TUCKER,<br>    Defendant(s). | Case No. 2:21-cv-02049-JCM-NJK<br>**Order**<br>[Docket Nos. 23, 24] |

Pending before the Court is a stipulation to extend time, along with a supplement thereto. Docket Nos. 23-24.[1] For the reasons discussed more fully below, the stipulation is hereby **DENIED**.

## I.  STANDARDS

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). This showing of diligence is measured by the parties' conduct during the entirety of the period of time already allowed. *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. Lexis 169110, at *11-12 (D. Nev. Dec. 15, 2015) (collecting cases). That parties waited until the last minute to conduct discovery and have run into obstacles in timely completing that discovery is not good cause to

---

[1] Counsel provided an incorrect title and event in conjunction with the filing at Docket No. 24, *but see* Local Rule IC 2-2(b), (c), so it appears on the docket erroneously as a "stipulation" rather than a supplement.

1

extend deadlines. *See id.* When diligence has not been shown in support of an extension request, "the inquiry should end." *Johnson*, 975 F.2d at 609.

## II.   PRELIMINARY MATTERS

Before turning to the good cause analysis, the Court addresses a few discrepancies in the stipulation. First, the stipulation indicates that the Court shorted the parties' discovery period by 30 days in providing only 150 days of discovery instead of 180 days. Docket No. 23 at 3. That representation is false. The governing local rule explains that the discovery cutoff is measured from the date the first defendant answered or otherwise appeared. Local Rule 26-1(b). With a proper understanding of the local rules in hand, it is obvious that the Court provided a discovery period of 181 days.[2] *Compare* Docket No. 14 (answer filed on March 1, 2022) *with* Docket No. 17 (setting discovery cutoff of August 29, 2022).

Second, the stipulation seeks to "extend[]" the deadline to "supplement initial disclosures." Docket No. 23 at 1, 3, 4. Although the scheduling order established a deadline for serving initial disclosures, it does not (and feasibly cannot) establish a deadline for supplementing initial disclosures. The rules provide that supplementation must be done in a "timely manner," Fed. R. Civ. P. 26(e)(1)(A), which is judged not by reference to any particular deadline in the scheduling order but by whether the timing of the supplementation is "reasonable based on when the information was available" to the supplementing party, *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 241 (D. Nev. 2017). The Court will not set a specific deadline for supplementing initial disclosures. To the extent the circumstances warrant supplementing initial disclosures, counsel must provide those supplementations in accordance with the governing rules.

Third, the stipulation seeks a deadline for an interim status report, Docket No. 23 at 6, but there has not been a requirement in the operative local rules for an interim status report for years now. Moreover, even under the previous version of the local rules, that status report would have

---

[2] The 180th day fell on a Sunday, so the Court set the discovery cutoff for the following Monday. *Cf.* Fed. R. Civ. P. 6(a)(1)(C).

been due 60 days before the discovery cutoff in contrast to the stipulation's request to set the deadline after the discovery cutoff.[3]

Fourth, the stipulation seeks a 17-day extension of the rebuttal expert deadline. *Compare* Docket No. 23 at 6 *with* Docket No. 17 at 1. The stipulation has not identified any initial expert disclosures, *see* Docket No. 23 at 4, so it is unclear why an extension is being sought for the rebuttal expert deadline since rebuttal experts appear to be a moot point.

Fifth, the local rules require parties to provide a "*specific* description of the discovery remaining." Local Rule 26-3 (emphasis added). Indicating without elaboration that 19 depositions remain, Docket No. 23 at 4, is not a specific description.

Sixth, the stipulation is replete with outdated and erroneous reference to the local rules. For example, in the currently operative local rules, the rule governing extension of deadlines is Local Rule 26-3, not Local Rule 26-4. Also, that local rule requires the filing of an extension request "21 days" before the subject deadline, not 20 days. Local Rule 26-3. To the extent counsel are unfamiliar with practice in this courthouse, they must immediately familiarize themselves with the governing rules. *See, e.g.*, *Dela Rosa v. Scottsdale Mem. Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998) ("We expect an attorney practicing law in federal court to become familiar with and follow rules applicable to practice in this court").

### III. GOOD CAUSE ANALYSIS

Having addressed the above preliminary matters, the Court turns to whether good cause has been shown for the 90-day extension sought for the discovery cutoff. Good cause is lacking.

As a threshold matter, the stipulation identifies no affirmative discovery of any kind conducted to date. Docket No. 23 at 4 (section entitled "Discovery Completed to Date," which indicates implicitly that initial disclosures were exchanged but does not identify any written discovery, expert disclosures, or depositions completed). The closest the stipulation gets is a representation that there had been some deposition dates confirmed at one point, but the

---

[3] Even apart from this issue, the proposed schedule presented, Docket No. 23 at 6, is contrary to the rules, inconsistent with other portions of the stipulation, and largely nonsensical. Moving forward, counsel must closely review their filings before they are submitted to the Court.

3

depositions did not go forward given the withdrawal of lead defense counsel. Docket No. 23 at 5. Of course, this withdrawal period accounts for a small fraction of the four months during which discovery should have been advanced by the parties.[4] While the stipulation indicates that numerous depositions remain, that begs the question as to why depositions could not have been completed during the previous four months. To repeat, the Court looks to whether the current deadlines could have been met through the exercise of diligence *throughout the discovery period*.

The specific reasons advanced for the extension request also do not hold water. The stipulation indicates that prior counsel was less responsive for a few weeks, Docket No. 23 at 3, 5, which does not account for the four months of the discovery period that has already lapsed and does not justify a 90-day extension of the deadlines. At any rate, an assertion that prior counsel did not diligently engage in discovery is not a showing of good cause; it is the opposite of the diligence required for an extension. *See, e.g.*, *Derosa v. Blood Sys., Inc.*, 2013 WL 3975764, at *2 (D. Nev. Aug. 1, 2013).

The stipulation also indicates that Plaintiff's counsel is newly designated as the lead attorney on the case and that he obtained the client files on July 13, 2022. Docket No. 23 at 2, 3. The local rules make plain that "[d]ischarge, withdrawal, or substitution of an attorney will not alone be reason for delay of pretrial proceedings, *discovery*, the trial, or any hearing in the case." Local Rule IA 11-6(d) (emphasis added). That counsel newly transitioned to lead counsel is not good cause for an extension.

The stipulation next indicates that Plaintiff's counsel is busy with other cases and will be gone for a week in August. Docket No. 23 at 4, 5. Attorneys are expected to take on a caseload that they can manage within the deadlines set by the Court. *See, e.g.*, *Carisbrook Asset Holding Trust v. SFR Invs. Pool 1, LLC*, 2019 WL 2393614, at *3 n.2 (D. Nev. June 6, 2019). It is axiomatic that an attorney being "very busy" with other work obligations "does not constitute 'good cause' pursuant to Fed. R. Civ. P. 16." *See Branch Banking & Trust Co. v. D.M.S.I., LLC*, 2013 WL

---

[4] The motion to withdraw was filed on July 7, 2022, and was resolved on July 12, 2022. The parties conducted their Rule 26(f) conference on March 16, 2022, Docket No. 16 at 1, at which time discovery could have been commenced, Fed. R. Civ. P. 26(d)(1). The stipulation at issue was filed 125 days after that Rule 26(f) conference.

4

3197663, at *1 n.1 (D. Nev. June 21, 2013); *see also Greene v. Alhambra Hosp. Med. Ctr.*, 2015 U.S. Dist. Lexis 72697, at *4 (D. Nev. June 3, 2015).

The stipulation next indicates there are delays in scheduling certain depositions, Docket No. 23 at 5, including that "the key material witnesses, who work or worked for the IRS, are unavailable to have their depositions taken until after the current discovery deadline," Docket No. 24 at 1. Similarly, the stipulation indicates that some of Plaintiff's "key witnesses" are unavailable for the remainder of the discovery period. Docket No. 23 at 5. Neither the deponent identities nor the actual reasons for unavailability has been provided, nor is there any elaboration as to how there is absolutely no availability for these witnesses during the 40 days remaining in the discovery period. The vague assertions that deponents are unavailable for the next six weeks are insufficient. *See, e.g.*, Docket No. 22 at 1 (indicating that this request for extension must include "meaningful explanation" as to the justification for extension).

The stipulation next indicates that the parties are still attempting to locate Michael Burnett. Docket No. 23 at 4, 5. Be that as it may, no explanation has been advanced as to why the 40 days left in the discovery period are expected to be insufficient to locate that deponent, serve him with a subpoena, and take his deposition. *Cf. Whole Woman's Health v. Paxton*, 2017 WL 4855392, at *2 (D. Haw. Oct. 26, 2017) (collecting cases regarding reasonable notice for a subpoenaed deposition).

Lastly, the stipulation indicates that the parties have discovered new witnesses "in the last few weeks." Docket No. 23 at 5. No elaboration has been provided as to the identity of these witnesses, whether depositions are expected for these witnesses, whether the witnesses could have been identified earlier through the exercise of diligence, or why any discovery related to these witnesses cannot be completed within the 40 days remaining in the discovery period.

Accordingly, none of the reasons proffered in the stipulation justifies any extension of deadlines, let alone a 90-day extension of deadlines. The record that is currently before the Court does not establish good cause to modify the scheduling order.

5

### IV.  CONCLUSION

For the reasons discussed more fully above, the stipulation to extend deadlines is **DENIED**. Counsel must immediately engage in the discovery process and take all appropriate measures to meet the current deadlines. To the extent the circumstances change and grounds for an extension emerge, a renewed request may be filed. Particularly given the dearth of discovery conducted to date, however, any renewed request will need to provide a very strong reason to establish good cause for relief from the current deadlines. *Cf. CC.Mexicano.US*, 2015 U.S. Dist. Lexis 169110, at *11-12 ("The applicable standard is whether discovery could have been completed within the ordered timeframe had the movant been diligent during the entire discovery period").

IT IS SO ORDERED.

Dated: July 21, 2022

_____
Nancy J. Koppe
United States Magistrate Judge