# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff(s),<br>v.<br>CHRISTOPHER TUCKER,<br>　　　　Defendant(s). | Case No. 2:21-cv-02049-JCM-NJK<br><br>**Order**<br><br>[Docket No. 26] |

　　　Pending before the Court is the Government's motion to extend the discovery cutoff. Docket No. 26. Defendant filed a response in partial opposition. Docket No. 28. The Court does not require a hearing on the motion. *See* Local Rule 78-1. For the reasons discussed below, the motion to extend is **GRANTED**.

　　　A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). This showing of diligence is measured by the parties' conduct during the entirety of the period of time already allowed. *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. Lexis 169110, at *11-12 (D. Nev. Dec. 15, 2015) (collecting cases). That parties waited until the last minute to conduct discovery and have run into obstacles in timely completing that discovery is not good cause to extend deadlines. *See id.* When diligence has not been shown in support of an extension request, "the inquiry should end." *Johnson*, 975 F.2d at 609.

　　　The pending motion is predicated on two issues. First, scheduling difficulties have led to the inability to take the deposition of Brittany Dipla during the current discovery period. Docket

No. 26 at 4. The parties agree such circumstances constitute good cause for the extension requested, and the Court agrees. Second, the Government contends that recent depositions revealed the need for additional discovery, including the potential deposition of Veronica Whitmore. Docket No. 26 at 4-6. The Government places the blame on this late realization on Defendant's prior counsel, whose conduct delayed conducting depositions in this matter. *See id.* at 6. The Court agrees that these circumstances also constitute good cause supporting the Government's request for an extension.

The other arguments presented by Defendant do not change the outcome here. Defendant first argues that Ms. Whitmore cannot not be added to the case as a witness through a supplemental disclosure, and that she must be excluded from testifying at trial. *See* Docket No. 28 at 3, 5. In violation of the local rules, Defendant did not make this request to exclude in his own motion; a responsive brief is not a proper vehicle for making such a request. Local Rule IC 2-2(b). At any rate, a decision on whether to exclude a witness from trial requires thoughtful consideration of the pertinent standards. *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 615, 617-18 (D. Nev. 2020). Defendant provides no meaningfully developed argument in support of this request, so the Court declines to consider it. *See Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013). Defendant also argues that allowing the Government to add witnesses at this juncture will necessitate his own related discovery efforts, which would require an extension of the discovery cutoff to October 14, 2022. *See* Docket No. 28 at 4.[1] The Government is seeking that date as the new discovery cutoff, so such concerns appear to be moot.

Accordingly, the Court **GRANTS** the motion to extend. Deadlines are hereby **RESET** as follows:

- Amend/ add parties: Closed
- Initial experts: closed

---

[1] Defendant appears to indicate that additional supplementation by the Government may necessitate a further extension of the discovery cutoff. *See* Docket No. 28 at 3 ("The Discovery deadline would need to be extended further if the [G]overnment attempts to add more witnesses"). At this juncture, no showing has been made that a further extension is warranted. If the circumstances develop such that a further extension is needed, a request providing the required showings must be filed. *See* Local Rule 26-3.

- Rebuttal experts:  closed
- Discovery cutoff:  October 14, 2022
- Dispositive motions:  November 14, 2022
- Joint proposed pretrial order:  December 14, 2022, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: August 31, 2022

                                                        _____
                                                        Nancy J. Koppe
                                                        United States Magistrate Judge