UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>CHRISTOPHER TUCKER,<br><br>Defendant(s). | Case No. 2:21-CV-2049 JCM (NJK)<br><br>ORDER |

Presently before the court is plaintiff United States of America ("plaintiff")'s motion to vacate pretrial order deadline and stay proceedings. (ECF No. 35). Defendant Christopher Tucker ("defendant") joins the motion and moves to extend time to file a pretrial order. (ECF No. 37). Also before the court is plaintiff's proposed pretrial order. (ECF No. 36).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The decision is committed to the sound discretion of the court. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

In deciding whether to grant a stay, the court considers (1) "the possible damage which may result" from granting the stay, (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 268).

In the motion and joinder, the parties submit they are undergoing settlement negotiations with a high probability of settlement. (ECF Nos. 35, 37). The parties further represent a settlement would need to be approved by the associate attorney general of the United States and comply with

**James C. Mahan**
**U.S. District Judge**

the Department of Justice's thorough settlement approval process. (ECF No. 35). In light of the pending settlement and lengthy approval process, the court finds a stay in this case would be in the best interests of the court and litigants. The parties agree it is the most efficient use of time and resources. (ECF Nos. 35, 37).

Defendant further contends there was insufficient time to review plaintiff's proposed pretrial order prior to the filing deadline and requests an extension to file his own pretrial order, or alternatively, for the parties to file a joint pretrial order. (ECF No. 37). The pending settlement and stay of proceedings renders this issue and plaintiff's pretrial order moot.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to vacate pretrial order deadline and stay proceedings (ECF No. 35) is GRANTED.

IT IS FURTHER ORDERED that plaintiff's proposed pretrial order (ECF No. 36) is DENIED.

IT IS FURTHER ORDERED that defendant's motion to extend time for filing a pretrial order (ECF No. 37) is DENIED as moot.

IT IS FURTHER ORDERED the parties shall have 60 days from the date of this order to notify the court of the status of settlement negotiations or the need to reset a pretrial schedule.

DATED March 13, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**